1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

9

10

11

12

13

| | | |
|---|---|---|
| ROBERT HOLMES, III, | ) | Case No. 2:15-cv-01456-LDG-CWH |
| Plaintiff, | ) | |
| | ) | **ORDER AND REPORT AND** |
| vs. | ) | **RECOMMENDATION** |
| | ) | |
| INTERNAL REVENUE SERVICE, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————————— | ) | |

14          This matter was referred to this Court on Plaintiff Robert Holmes III's ("plaintiff") renewed

15   Application for Leave to Proceed In Forma Pauperis (doc. # 4), filed August 17, 2015.

16                                          **BACKGROUND**

17          Plaintiff brings this action pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that various

18   defendants, including One Nevada Credit Union, Nevada Federal Credit Union, Loss Mitigation Title

19   Services, Capital One Bank, State of Nevada, State Attorney General's Office, and Internal Revenue

20   Service, (collectively "defendants"), improperly foreclosed plaintiff's residential property.  In so

21   doing, plaintiff alleges that defendants violated his constitutional rights under the Takings Clause of

22   the Fifth Amendment, and Due Process and Equal Protection Clauses under the Fourteenth

23   Amendment.  Plaintiff seeks damages, interest and costs, attorney's fees, and any other relief the Court

24   deems appropriate.

25                                          **DISCUSSION**

26   **1.      Application to Proceed In Forma Pauperis (Doc. # 4)**

27          Plaintiff has submitted the affidavits required by 28 U.S.C. § 1915(a) showing an inability to

28   prepay fees and costs or give security for them.  As such, plaintiff's request to proceed in forma

1    pauperis is granted.

2    **2.      Screening the Complaint**

3          Upon granting a request to proceed in forma pauperis, a court additionally screens a complaint

4    pursuant to 28 U.S.C. § 1915(e).  Federal courts have authority to dismiss a case if the action is legally

5    "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary

6    relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  When a court

7    dismisses a complaint under § 1915(e), a plaintiff is generally given leave to amend, with instructions

8    as to curing the complaint's deficiencies, unless it is clear from the face of the complaint that the

9    deficiencies cannot be cured by amendment.  See Cato v. United States, 70 F.3d 1103, 1106 (9th Cir.

10   1995).

11         Here, plaintiff brings the instant case pursuant to 42 U.S.C. § 1983.  Plaintiff asserts that

12   defendants' actions relating to the foreclosure of plaintiff's residential property: (1) constitute an

13   unlawful taking under the Fifth Amendment, and (2) undermine plaintiff's Due Process and Equal

14   Protection rights under the Fourteenth Amendment.

15         However, § 1983 is not a source of substantive rights, but a method for vindicating federal

16   rights elsewhere conferred.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).  According to the Ninth

17   Circuit, § 1983 serves to "protect individuals from an abuse of state power by providing a cause of

18   action against state and local officials who, acting within the scope of their duties, have deprived an

19   individual of a cognizable federal right."  Devereaux v. Perez, 218 F.3d 1045, 1051 (9th Cir. 2000).

20         To state a claim under § 1983, a plaintiff must allege that:  (1) his rights, protected by the

21   Constitution or by federal statute, were violated; (2) the violation was proximately caused by the

22   conduct of a person; and (3) that person was acting under color of state law.  Crumpton v. Gates, 947

23   F.2d 1418, 1420 (9th Cir. 1991); see also West v. Atkins, 487 U.S. 42, 48-49 (1988).  Municipalities

24   and other local government entities are among those "persons" to whom § 1983 applies.  Monell v.

25   Dep't of Soc. Servs., 436 U.S. 658, 690 (1978).  Persons acting under "color of law" "exercise power

26   possessed by virtue of state law and made possible only because... [those persons or] wrongdoer[s]

27   [are] clothed with the authority of state law."  West, 487 U.S. at 49.  Private conduct, no matter how

28   discriminatory or wrongful, is generally precluded under § 1983.  Am. Mfrs. Mut. Ins. Co. v. Sullivan,

2

526 U.S. 40, 50 (1999); see also Price v. State of Hawaii, 939 F.2d 702, 707-08 (9th Cir. 1991). Even in cases where there is extensive state funding and regulation of private conduct, such conduct does not by itself convert to state action for purposes of the Fourteenth Amendment. See Jackson v. Metropolitan Edison Co., 419 U.S. 345, 350 (1974); Rendell-Baker v. Kohn, 457 U.S. 830, 843 (1982); Morse v. North Coast Opportunities, 118 F.3d 1338, 1340-41 (9th Cir. 1997). However, a private party may be considered a state actor if he: (1) serves as a "willful participant" whose actions are "inextricably intertwined" with the state actor's activities; (2) controls a state actor's decision making; or (3) is endowed with state powers or functions. See Brunette v. Humane Society of Ventura County, 294 F.3d 1205, 1211 (9th Cir. 2002); Arnold v. Int'l Business Machines Corp., 637 F.2d 1350, 1357 (9th Cir. 1981); Lee v. Katz, 276 F.3d 550, 554-55 (9th Cir. 2002).

The Court first finds that plaintiff fails to state a claim for relief against Defendants One Nevada Credit Union, Nevada Federal Credit Union, Loss Mitigation Title Services, and Capital One Bank. These defendants are private entities, and plaintiff fails to provide any facts showing that these defendants are "state actors," or engaged in "state actions," for purposes of § 1983. As such, plaintiff's claims against these defendants are dismissed.

The Court next finds that plaintiff fails to state a claim for relief against Defendants State of Nevada and the State Attorney General's Office. States are not persons for purposes of § 1983. See Arizonans for Official English v. Arizona, 520 U.S. 43, 69 (1997); Doe v. Lawrence Livermore Nat'l Lab., 131 F.3d 836, 839 (9th Cir. 1997). Moreover, a governmental agency that is an arm of the state is not a person for purposes of § 1983. See Howlett v. Rose, 496 U.S. 356, 365 (1990); Flint v. Dennison, 488 F.3d 816, 824-25 (9th Cir. 2007). Because the State of Nevada is not a person under § 1983, and the State Attorney General's Office is indisputably an agency of the State of Nevada, plaintiff's action against these defendants is barred.

The Court further finds that plaintiff fails to state a claim for relief against Defendant Internal Revenue Service ("IRS"). The United States, as a sovereign, is immune from suit unless it has waived its immunity. See Dep't of Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999); United States v. Mitchell, 445 U.S. 535, 538 (1980). Absent a waiver, the court lacks subject matter jurisdiction over claims against the United States. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

When the United States consents to be sued, however, "the terms of its waiver of sovereign immunity define the extent of the court's jurisdiction." United States v. Mottaz, 476 U.S. 834, 841 (1986) (citation omitted).  A waiver of sovereign immunity by the United States must be expressed unequivocally.  United States v. Nordic Village, Inc., 503 U.S. 30, 33 (1992).

Because a lawsuit against the IRS is a cause of action against the United States, and plaintiff fails to provide facts showing the IRS waived its sovereign immunity in this case, plaintiff's action is barred.  See Reese v. IRS, 167 Fed. Appx. 625, 626 (9th Cir. 2006) (holding that district court properly dismissed plaintiff's action against IRS for lack of jurisdiction because IRS and its agents did not waive sovereign immunity).

In light of the foregoing, plaintiff's complaint is dismissed.

## CONCLUSION, ORDER, AND RECOMMENDATION

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's Application for Leave to Proceed In Forma Pauperis (doc. # 4) is **granted**.  The order granting leave to proceed in forma pauperis does not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of Court file plaintiff's complaint (doc. # 1-1) on the record.

**IT IS FURTHER RECOMMENDED** that plaintiff's complaint be **dismissed without prejudice** for failure to state a claim upon which relief can be granted.  Plaintiff shall have **thirty (30) days** to file an amended complaint to the extent plaintiff can assert facts that address the defects of the complaint.  Failure to file a timely amended complaint will result in a recommendation that this case be dismissed.

**IT IS FURTHER RECOMMENDED** that if plaintiff chooses to file an amended complaint, the amended complaint shall be complete in and of itself without reference to the previous complaint, as required by Civil Local Rule 15-1.  Plaintiff shall also title the amended complaint with the words, "FIRST AMENDED COMPLAINT," on page one in the caption.

DATED: April 19, 2016

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

4